VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-342

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2026

State of Vermont v. Philip Lin\*

}  APPEALED FROM:
}
}  Superior Court, Bennington Unit,
}  Criminal Division
}
}  CASE NOS. 824-7-19 Bncr; 561-7-20 Bncr;
   437-6-20 Bncr; 906-8-19 Bncr
   Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

Defendant appeals his sentence of four-to-six years for convictions of aiding in the commission of a burglary, contributing to the delinquency of a minor, attempted luring of a child, attempted unlawful trespass, burglary, and simple assault.  We vacate defendant's sentence and remand for further proceedings consistent with this opinion.

During 2019 and 2020, when he was between the ages of nineteen and twenty-one, defendant was charged with ten offenses in four separate criminal dockets based on allegations that: defendant and a minor broke into a couple's house while the wife was asleep, stole their PlayStation, and used their credit cards to purchase games; defendant sent explicit photos to a minor using Snapchat and tried to convince her to engage in sexual activities with him; defendant attempted to enter a woman's home without legal authority; and defendant hit another woman on the head with a stick after she asked him to leave her property.

In April 2023, the State and defendant executed a plea agreement.  The court indicated that it would order a change-of-plea hearing and then order a pre-sentence investigation (PSI) and psychosexual evaluation.  Defendant did not appear for the scheduled change of plea, and the court issued a warrant for his arrest.

By April 2025, defendant was serving a sentence in Connecticut.  He requested to return to Vermont pursuant to the Interstate Agreement on Detainers (IAD), 28 V.S.A. §§ 1501-1509, to resolve his Vermont charges.  In May 2025, the parties executed a new plea agreement in which defendant agreed to plead guilty to charges of burglary, delinquency, luring, trespass, and assault; the State agreed to dismiss several other charges; and the parties agreed to a contested

sentencing at which the State could argue for a maximum sentence of eight years. Following the change-of-plea hearing, the court ordered a PSI and a psychosexual evaluation.

The sentencing hearing took place in September 2025. At that time, the psychosexual evaluation ordered by the court had not yet been completed. Defense counsel explained to the court that defendant had recently been diagnosed with autism, which was not reflected in the PSI. He stated that this diagnosis and other mental-health records would have been relevant to the psychosexual evaluation. The State asserted that the court had to proceed with sentencing without the psychosexual evaluation because defendant was in Vermont pursuant to the IAD. Defense counsel did not contradict the State's assertion but argued that the record was missing important information about defendant's mental health and autism diagnosis. Defendant requested a split to-serve sentence of twenty-to-thirty-six months, all suspended except twenty months to allow defendant to complete programming. The State argued for an incarcerative sentence of seven years to seven years and one day. After hearing testimony from defendant's probation officer and statements from one of the victims and defendant, the court imposed a total sentence of four-to-six years to serve.

On appeal, defendant argues that the court committed plain error by proceeding with the sentencing without the psychosexual evaluation. He further argues that the court abused its discretion in sentencing him to four-to-six-years' imprisonment given his recent autism diagnosis and young age, and because he only needed fourteen months to complete programming. "We generally review sentencing decisions for an abuse of discretion. However, if the appellant fails to object to his or her sentence at the time of sentencing, as in this case, the Court will vacate that sentence only upon a finding of plain error." State v. Ray, 2019 VT 51, ¶ 6, 210 Vt. 496 (citation omitted). "To find plain error, we must find three things: first, there must be an error; second, the error must be obvious; and third, it must affect substantial rights and result in prejudice to the defendant." State v. McMahon, 2024 VT 67, ¶ 20, 220 Vt. 180 (quotation omitted).

We agree that the court committed plain error in proceeding with the sentencing hearing without the psychosexual evaluation it previously ordered. The IAD provides that a defendant on an interstate detainer:

> shall be brought to trial within 180 days after he or she shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his or her imprisonment and his or her request for a final disposition to be made of the indictment, information, or complaint: provided that for good cause shown in open court, the prisoner or his or her counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

28 V.S.A. § 1503(a). Where, as here, the court had ordered a psychosexual evaluation and defense counsel explained that there was specific, important information relevant to that evaluation that would otherwise be missing from the record, there was good cause to continue the sentencing hearing until the evaluation could be completed. See 28 V.S.A. § 204a(b) (stating

PSI "shall include a psychosexual evaluation if so ordered by the court"). The court's apparent reliance on the State's assertion that it had to proceed with the hearing was therefore error.[*]

The absence of the psychosexual evaluation affected defendant's right to have his sentence be based on accurate information. See State v. Neale, 145 Vt. 423, 436 (1985) (explaining that "sentencing court's discretion is not absolute; the court may not rely upon improper or inaccurate data in reaching its sentencing decision" (quotation omitted)). We cannot say on this record that the court would have imposed the same sentence if the psychosexual evaluation had been available. While the State argues that defendant could have presented alternative evidence of his autism diagnosis and mental-health issues, or arranged earlier to complete a psychosexual evaluation, the record shows that there were significant practical barriers to such actions, including defendant's incarceration and treatment out of state and systemic delays in obtaining evaluations within Vermont. We therefore conclude that the error affected the outcome of the sentencing proceeding, satisfying the prejudice requirement. See State v. Yoh, 2006 VT 49A, ¶ 41, 180 Vt. 317 (holding error was prejudicial where it affected outcome of trial proceedings). For this reason, we vacate defendant's sentence and remand for resentencing upon completion of the psychosexual evaluation.

Defendant's sentence is vacated and the matter is remanded for further proceedings consistent with this opinion.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[*] The State argues that defendant invited the error by acquiescing to conducting the sentencing hearing without the psychosexual evaluation. Viewed as a whole, the record here shows that defendant essentially negligently failed to object to the State's assertion regarding the requirements of the IAD, making plain-error review appropriate. See State v. Smith, 2010 VT 15, ¶ 8 n.4, 187 Vt. 600 (mem.) (concluding that jury's exposure to prejudicial statements in recording introduced at defendant's request was plain rather than invited error, where record made clear introduction was inadvertent).